(23 Civ. Proc. R. 253.)

### BARNES et al. v. LEVY et al.

#### (City Court of New York, Special Term.    April 11, 1893.)

SUPPLEMENTARY PROCEEDINGS—CUSTODY OF BOOKS AND PAPERS.
  When an examination in supplementary proceedings has been concluded or adjourned, defendant, who had produced his books and papers to be used on the examination, cannot be compelled to leave them with the referee, as there is no statute conferring such power.

Action by Charles B. Barnes and others against Abraham Levy and another to recover for goods sold and delivered. There was a judgment in favor of plaintiff, and defendant was examined in supplementary proceedings. The referee before whom defendant was examined in the supplementary proceedings ordered him to leave certain books produced by him on the examination with the referee, which he refused to do. Plaintiffs now move to punish defendants for contempt. Denied.

Abraham Gruber, for the motion.
Blumenstiel & Hirsch, opposed.

EHRLICH, C. J.    The statute authorizing supplementary proceedings has not abolished the old remedy by creditors' bill,—Hart v. Albright (Super. N. Y.) 18 N. Y. Supp. 718,—in respect to which the old chancery powers remain. In supplementary proceedings the powers conferred are statutory only, and the produc-

tion of books must be enforced by subpoena duces tecum, as in an action. Black v. Curry, 1 Civ. Proc. R. 193. When the examination is concluded, or adjourned for the day, the books may be taken away by the person examined, and returned whenever and as often as they are required for use on the examination; but there is no power to compel the witness to leave the books with the referee, for the inspection or scrutiny of creditors. The chancery rules referred to by the referee were in aid of the inherent powers of the old court of chancery, and do not apply to the limited jurisdiction conferred by the statute in reference to supplementary proceedings. Motion to punish for contempt in declining to obey order of referee denied, without costs.